**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**ZENERGY, INC., an Oklahoma corporation,**

**Plaintiff,**

**v.**

**NOVUS OPERATING COMPANY, L.P., a Nevada limited partnership,**

**Defendant.**

**Case No. 07-CV-0128-CVE-PJC**

**OPINION AND ORDER**

Now before the Court is the Motion of Plaintiff, Zenergy, Inc., To Remand (Dkt. # 15) filed on March 12, 2007.[1] Plaintiff Zenergy, Inc. ("Zenergy") filed this action in the District Court for Tulsa County, Oklahoma on January 26, 2007. Defendant Novus Operating Company, L.P. ("Novus") filed a notice of removal (Dkt. # 2) on March 1, 2007 on the basis of diversity jurisdiction. Zenergy requests that the Court remand this action to the District Court for Tulsa County, Oklahoma on the ground that the written agreement dated April 7, 2006 (the "Agreement") contains a valid forum selection clause that is exclusive to the District Court for Tulsa County. The relevant clause reads:

> This agreement shall be construed in accordance with and pursuant to the laws of the State of Oklahoma and, in the event of any dispute regarding the terms of this agreement, any lawsuit shall be filed in the District Court of Tulsa County, Oklahoma.

---

[1] Plaintiff filed the motion to remand within thirty (30) days of the date of the notice of removal. See 28 U.S.C. § 1447(c).

Dkt. # 16, Ex. 1, at 3. Defendant argues that the Court should not remand on the grounds that the contractual clause does not expressly designate state court as the exclusive forum and does not constitute a clear and unequivocal waiver of the right of removal.

The first question is whether the Court should apply state or federal common law in determining the validity of and interpreting the forum selection clause. In general, the answer depends on whether forum selection clauses are procedural or substantive. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). However, the Court need not explore this question because the result would be the same regardless of whether the Court applies Oklahoma or federal common law. Cf. Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 320 (10th Cir. 1997) (noting that the court need not decide whether to apply Colorado state law or federal common law because there are no material discrepancies between Colorado law and federal common law regarding forum selection clauses); Lambert v. Kysar, 983 F.2d 1110, 1116 (1st Cir. 1993) ("[A]s we discern no material discrepancy between Washington state law and federal law, we need confront neither the choice-of-law issue nor the daunting question of whether forum selection clauses are to be treated as substantive or procedural for Erie purposes). Under both federal and Oklahoma common law, forum selection clauses are prima facie valid and should be enforced unless they can be shown to be unreasonable under the circumstances of the case. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992); Adams v. Bay, Ltd., 60 P.3d 509, 510 (Okla. Ct. App. 2002). The party resisting enforcement of a forum selection provision "carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." Riley v. Kingsley

Underwriting Agencies, Ltd., 969 F.2d 953 (10th Cir. 1992); see also Adams, P.3d at 511. Both federal and Oklahoma courts may refuse to exercise jurisdiction based on the parties' intent concerning the venue of litigation. Barker Leasing, Inc. v. State Ins. Fund, 910 P.2d 1102, 1103 (Okla. Ct. App. 1995); Milk 'N' More, 963 F.2d at 1346. Because both parties cite to federal cases, the Court will also focus on the Tenth Circuit law regarding the application of forum selection clauses.

Defendant argues that the phrase, "any lawsuit shall be filed in the District Court of Tulsa County, Oklahoma," "could apply to either the state district court in Tulsa County, Oklahoma, or the federal district court sitting in Tulsa County, Oklahoma." Dkt. # 16, at 3. The Court finds this argument unpersuasive. In American Soda, the Tenth Circuit addressed whether the phrase "Courts of the State of Colorado" referred exclusively to Colorado state courts or whether it included federal courts located in Colorado. 428 F.3d at 925. It held:

> We are persuaded by the reasoning of Dixon [v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003)] and agree with the district court's holding in this case that the federal court located in Colorado is not a court of the State of Colorado but rather a court of the United States of America. In other words, the contract language at issue refers to sovereignty rather than geography. Although located in the various states, the U.S. district courts "indisputably proceed from, and find their origin in, the federal government," Dixon, 330 F.3d at 393, not in governments of the states in which they are located. We therefore conclude that the forum selection clause in the parties' agreement designates the Colorado state court system as the forum for resolution of disputes arising out of the contract, and does not include the federal district court.

Id. at 926. Defendant tries to distinguish the language in this case from that in American Soda because "the clause does not explicitly refer to the district court for the State of Oklahoma." Dkt. # 16, at 4-5. This is a distinction without significance. As the American Soda court noted, the phrase "of" refers to sovereignty rather than geography. The United States District Court for the Northern District of Oklahoma is not a court of Tulsa County; it is a court of the United States.

Defendant suggests that the court does not refer to the state district court sitting in Tulsa County, Oklahoma because it does not use "its proper name, which is 'The District Court For Tulsa County, State of Oklahoma.'" Dkt. # 16, at 3. The fact that the clause includes a lower-case "the", uses "of" instead of "for," and refers to "Oklahoma" instead of "State of Oklahoma" does not suggest that the forum selection clause includes both state and federal courts geographically located in Tulsa County. The forum selection clause clearly refers to only one court: "the District Court of Tulsa County, Oklahoma." (emphasis added). Thus, defendant's reading of the clause to include both state and federal courts is not consistent with the plain language. Further, the fact that the forum selection clause refers to Tulsa County instead of a federal judicial district indicates that the clause pertains exclusively to state court. See Excell, 106 F.3d at 321 ("For federal court purposes, venue is not stated in terms of 'counties.' Rather it is stated in terms of 'judicial districts.' Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court.") (internal citations omitted). Therefore, the Court finds that the phrase "the District Court of Tulsa County, Oklahoma" unambiguously refers to state district court and does not include this Court.

Given that the Court finds that the forum selection clause refers to the state district court in Tulsa County, and not this Court, the next inquiry is whether the clause is permissive or mandatory. See Excell, 106 F.3d at 321 (noting that forum selection clauses fall into two general categories – mandatory or permissive). A mandatory selection clause must contain "clear language showing that jurisdiction is appropriate only in the designated forum." Id. (quoting Thompson v. Founders Group Int'l, 886 P.2d 904, 910 (Kan. Ct. App. 1994). A permissive forum selection clause permits suit to be brought in a particular jurisdiction, but does not prevent the parties from litigating in a different

forum. Id. When venue is specified, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory. American Soda, LLP v. U.S. Filer Wasterwater Group, Inc., 428 F.3d 921, 927 (10th Cir. 2005). By contrast, where only jurisdiction is specified, "the clause will generally not be enforced [as mandatory] unless there is some further language indicating the parties' intent to make venue exclusive." K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494 (10th Cir. 2002); see also American Soda, 428 F.3d at 927. Even when mandatory language such as "shall" is used to describe jurisdiction, and there is no other language indicating that venue is exclusive, the clause is permissive. See Excell, 106 F.3d at 321 (setting forth an example of a permissive forum selection clause that contains the language "shall"); K & V Scientific, 314 F.3d at 499 (citing example forums selection clauses which were held to be permissive).

Here, the forum selection clause does not specifically use the term "venue" or "jurisdiction." The plain language of the clause, however, quite clearly refers to venue and not jurisdiction. Whereas "venue" refers to the place where a lawsuit should be heard, jurisdiction concerns courts' power to adjudicate. See 15 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION, § 3801 (2d 1986); Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167-68 (1939) ("The jurisdiction of the federal courts – their power to adjudicate – is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit – the place where judicial authority may be exercised – though defined by legislation relates to the convenience of litigants and as such is subject to their disposition."). The forum selection clause, in designating a specific tribunal and a specific county, refers to venue, not jurisdiction. See American Soda, 428 F.3d at 927 ("when venue is specified, such as when the parties designate a

particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory.") (emphasis added). Further, the term "shall" clearly constitutes mandatory language. Milk 'N' Moore, 963 F.2d at 1346 ("use of the word 'shall' generally in indicates a mandatory intent unless a convincing argument to the contrary is made."). Because the forum selection clause specifies venue and contains mandatory language, the clause will be enforced as mandatory.

To the extent that the clause is mandatory, defendant argues that "the clause's mandate has been fulfilled" because the lawsuit was filed in the District Court for Tulsa County. Defendant argues that "[t]he clause is very narrow in that it only requires that an action be 'filed' in Tulsa County, not that it be litigated, prosecuted,[2] or venued in Tulsa County." Dkt. # 16, at 6. The forum selection clause, according to defendant, does not "clear[ly] and unequivocal[ly]" waive its right to removal. See Milk 'N' More, 963 F.2d at 1346. Once the action was filed in state district court, defendant argues that it was free to remove the action to this Court. Defendants narrow reading of the word "filed" fails to take into account the underlying purpose of the forum selection clause. The Court finds that the clear and unambiguous meaning of the clause is that all disputes be initiated and litigated in the District Court for Tulsa County. Indeed, it makes little sense for the Agreement to designate that disputes regarding the terms of the Agreement must be initiated in state court, only to permit a defendant to remove the case to federal court. See, e.g., Karl Koch Erecting Co., Inc.

---

[2] Given the lack of the word "litigated" or "prosecuted" in the forum selection clause here, defendant distinguishes this case from a recent case in this Court involving a forum selection clause that read: "[t]he parties agree that any actions relating to this Agreement shall be instituted and prosecuted in the District Court for Tulsa County, State of Oklahoma, and both parties waive the right to change or seek a change of venue for such action." T.D. Williamson, Inc. v. Plant Servs., Inc., 2006 WL 3085608, * 2 (N.D. Okla. Oct. 27, 2006) (emphasis added).

v. New York Convention Ctr. Dev. Co., 838 F.2d 656, 659 (2d Cir. 1988) (in interpreting a forum selection clause that read, "no action or proceeding shall be commenced by [plaintiff] against [defendant] except in the Supreme Court of the State of New York," the Second Circuit found that the only plausible construction of the phrase precluded removal). Further, as noted above, the Court finds that the forum selection clause, in designating a specific tribunal, designates venue. Thus, this forum selection clause is comparable with those cases where the forum selection clauses state that "venue shall lie" in a particular county. The Tenth Circuit law is clear that such phrases preclude removal to federal district court in that county. See Excell, 106 F.3d at 320.

Finally, the Court notes that defendant does not argue, and there is no evidence to suggest, that the forum selection clause is unfair or unreasonable. Therefore, the Court finds that the forum selection clause is valid and mandatory, and this action should be remanded to the District Court for Tulsa County. Plaintiff may file a motion for attorney fees pursuant to 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that the Motion of Plaintiff, Zenergy, Inc., To Remand (Dkt. # 15) is hereby **granted**. The Court hereby directs the Court Clerk to **remand** this case to the District Court in and for Tulsa County.

**DATED** this 17th day of April, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT